**IN THE UNITED STATES DISTRICT COURT FOR**

**THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>Member cases:<br>   All member cases<br><br>**ORDER GRANTING NATIONAL PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER UNDER THE ALL WRITS ACT, 28 U.S.C. § 1651** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Frederick L. Jury, and Danny Allen (collectively, "National Plaintiffs") filed a motion to enjoin Plaintiffs Kimberly Bartlett and Karen Harvey (together, the "Turner Plaintiffs") and others from filing lawsuits in court against counsel for the National Plaintiffs under the All Writs Act, 28 U.S.C. § 1651 (the "Motion").

Upon review of the motion and documents filed in support, the Court finds there is good cause to grant the Motion. The Court finds that a temporary restraining order is necessary to preserve and aid its jurisdiction over: its approval of the pending class action settlement under Rule 23(e); its certification of the class

releasing its claims through that settlement (and the exclusion of subclasses); its final determination that Class Counsel were adequate representatives for such class under Rule 23(g); and its allocation and determination of attorneys' fees awarded under Rule 23(h). *See* Doc. No. 364.

Additionally, the Court finds that a temporary restraining order is necessary to prevent an immediate and irreparable injury in the form of the application of the Anti-Injunction Act which would be triggered once the threatened state court lawsuits are filed. This would cause a heightened standard of scrutiny for any subsequent injunction. Such harm could not be remedied through any legal remedy like money damages. The Court further finds that a temporary restraining order is necessary to prevent an immediate and irreparable injury in the form of the expenses Class Counsel will incur defending these lawsuits which would be unrecoverable. There would be no mechanism for National Plaintiffs to recover those expenses, not least because the lawsuits could be stayed indefinitely if the Court grants final approval of the pending settlement.

The temporary restraining order is issued without notice because of the risk that the Turner Plaintiffs might immediately file state court lawsuits to trigger the application of the Anti-Injunction Act before the Motion could be heard on regular notice, particularly where the Turner Plaintiffs had threatened to file these lawsuits before September 2, 2016.

Accordingly, IT IS HEREBY ORDERED:

1. National Plaintiffs' motion for a temporary restraining order is **GRANTED and entered on September 1, 2016 at 1:45 p.m.**

2. Plaintiffs Kimberly Bartlett and Karen Harvey, their agents employee and assigns or any potential class member of the instant case are prohibited from bringing or maintaining any lawsuit or claim against Ethan Preston and Preston Law Offices and James O. Latturner and Edelman, Combs, Latturner & Goodwin, LLC ("Class Counsel") regarding their representation of the Class or their

performance in or conduct of the litigation in the above-captioned case in any court except this Court.

2. The National Plaintiffs' motion for a preliminary injunction is set for hearing before this Court on **September 13, 2016 at 1:30 p.m.**

3. The Clerk of Court shall unseal the National Plaintiffs' emergency motion for a temporary restraining order and injunction, and the memorandum of points and authorities and declaration filed in support.

3. The Turner Plaintiffs shall file and serve their opposition to the motion for preliminary injunction **no later than noon September 8, 2016**.

4. The National Plaintiffs may file a reply **no later than September 9, 2016**.

5. National Plaintiffs shall serve this order, the motion and the supporting documents on the Turner Plaintiffs **no later than close of business September 2, 2016**.

6. This temporary restraining order will expire on **September 13, 2016 at 1:30 p.m.** absent further order of the Court.

Date: September 1, 2016

JOHN A. HOUSTON
United States District Judge